**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-1244**

MARIA CANDELARIA ZUNIGA,

Petitioner,

v.

PAMELA JO BONDI, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: November 25, 2025                    Decided: December 1, 2025

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:** Nash Fayad, FAYAD LAW, P.C., Richmond, Virginia, for Petitioner. Brett A. Shumate, Assistant Attorney General, Holly M. Smith, Assistant Director, Andrew Oliveira, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maria Candelaria Zuniga, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's oral decision denying Zuniga's applications for asylum and withholding of removal.* We deny the petition for review.

Zuniga first argues that the Board erred by failing to consider a claims-processing objection to the 2015 Notice to Appear, which was based on *In re Fernandes*, 28 I. & N. Dec. 605 (B.I.A. 2022). But the record confirms that this is materially different from the *jurisdictional* argument that Zuniga raised both in immigration court and before the Board, which the Board properly found was foreclosed by Board precedent, *see In re Arambula-Bravo*, 28 I. & N. Dec. 388 (B.I.A. 2021), and decisions from this court, *see Perez Vasquez v. Garland*, 4 F.4th 213, 220 (4th Cir. 2021); *United States v. Cortez*, 930 F.3d 350, 358-66 (4th Cir. 2019). We discern no error in the Board not addressing a subsidiary argument that counsel did not advance in the administrative appeal.

Next, we agree with the agency's legal ruling that the "particular social group" advanced by Zuniga—Salvadoran market vendors who oppose gang activities—lacks cognizability. *See Morales v. Garland*, 51 F.4th 553, 557 (4th Cir. 2022) (providing for de novo review of agency's cognizability ruling); *Canales-Rivera v. Barr*, 948 F.3d 649, 657-

---

* Zuniga has forfeited review of the immigration judge's denial of relief under the Convention Against Torture, which was not raised in the administrative appeal and similarly is not addressed in the brief submitted to this court. *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs).

58 (4th Cir. 2020) (observing that "this [c]ourt and other circuit courts have rejected . . . arguments related to merchants and other entrepreneurial groups" proffered as protected "particular social groups" because they fail on the immutability prong of the inquiry). Zuniga now posits that being "a market vendor" is immutable because it is an unchangeable part of her past. But this too is materially different from the theory advanced in the agency, to wit: that a believed-to-be gang member targeted Zuniga for extortion demands and threats because she worked as a market vendor *at that time*. We thus agree with the Attorney General that this argument is not properly before us. *See Tepas v. Garland*, 73 F.4th 208, 213 (4th Cir. 2023) (observing that, although 8 U.S.C. § 1252(d)(1) is not jurisdictional, it "remains a mandatory claim-processing rule").

Finally, Zuniga challenges the Board's denial of her motion to remand her case to the immigration court for consideration of her claim that the past harm she endured, and the future harm she feared, were on account of Zuniga's actual (or imputed) political opinion. But, as the Board explained, Zuniga did not advance new, previously unavailable evidence supporting the theory that her actual (or imputed) political opinion was a motivating factor or point to any such relevant evidence in the record. *See In re L-O-G-*, 21 I. & N. Dec. 413, 420 (B.I.A. 1996) (explaining that, in deciding such motions, "the Board will look to whether there is sufficient evidence proffered to indicate a reasonable likelihood of success on the merits"). Accordingly, we discern no abuse of discretion in the Board's ruling. *See Obioha v. Gonzales*, 431 F.3d 400, 408 (4th Cir. 2005) (providing standard of review and explaining that motion to remand where noncitizen seeks to pursue a new theory for relief is best understood as a motion to reopen).

3

For these reasons, we deny the petition for review. *See In re Zuniga* (B.I.A. Feb. 14, 2025). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*